IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GREGORY FORSBERG, CHRISTOPHER GUNTER, SAMUEL KISSINGER and SCOTT SIPPRELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>SHOPIFY, INC., SHOPIFY HOLDINGS (USA), INC., SHOPIFY (USA) INC. and TASKUS, INC.,<br><br>    Defendants. | Civil Action No. 22-436-VAC-CJB |

## MEMORANDUM ORDER

  Before the Court in this proposed class action litigation is Defendants Shopify, Inc., Shopify Holdings (USA), Inc. ("Shopify Holdings") and Shopify (USA) Inc.'s ("Shopify USA," and collectively, "Shopify") motion to stay this action in its entirety (the "Motion") pending completion of *Baton v. Ledger SAS*, Case No. 21-cv-2470-EMC (N.D. Cal.) ("*Baton*")—a class action litigation currently pending in the United States District Court for the Northern District of California (the "Northern District"). (D.I. 10) Plaintiffs Gregory Forsberg, Christopher Gunter, Samuel Kissinger and Scott Sipprell ("Plaintiffs"), who are acting individually and on behalf of a proposed class, oppose the Motion. The Court has reviewed the relevant briefing, (D.I. 11; D.I. 13; D.I. 16; D.I. 46), and it heard argument during a teleconference with the parties held on August 15, 2022 (the "August 15 argument"). For the reasons that follow, the Court hereby ORDERS that the Motion is DENIED without prejudice to renew.

  In *Baton*, the five individual plaintiffs brought suit against defendants Ledger SAS, Shopify, Inc. and Shopify USA. (*Baton*, D.I. 33) The allegations in *Baton* were similar to those

at issue here in a number of ways, including that: (1) both cases relate to a 2020 data breach impacting Ledger SAS cryptocurrency hardware wallets (which, in turn, were sold via a website operating on Shopify, Inc.'s platform); and (2) in both cases, the defendants are alleged to have failed to take various actions that would have protected the plaintiffs' personal identifying information. (*See* D.I. 1; D.I. 44; *Baton*, D.I. 33) There are some differences between the cases too, including that: (1) the respective sets of defendants do not entirely overlap; and (2) the asserted causes of action in the respective operative complaints differ in some ways. (D.I. 44; *Baton*, D.I. 33)

In November 2021, the *Baton* Court dismissed the operative complaint in that case against all defendants for lack of personal jurisdiction. In doing so, the *Baton* Court held (as to the two defendants in that case that are also involved in this matter) that: (1) it lacked general jurisdiction in California regarding Shopify USA; (2) it lacked specific jurisdiction over Shopify, Inc. and Shopify USA; and (3) no jurisdictional discovery would be permitted. *See Baton v. Ledger SAS*, Case No. 21-cv-02470-EMC, 2021 WL 5226315, at *4-7, *13-14 (N.D. Cal. Nov. 9, 2021); *see also* (D.I. 13 at 6-7 n.3). On December 13, 2021, the *Baton* plaintiffs filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit; the Ninth Circuit is considering holding argument on that appeal sometime during November 14-18, 2022. (D.I. 11 at 4; D.I. 46) Plaintiffs filed the instant suit in this case on April 1, 2022, a few months after the appellate process in *Baton* began. (D.I. 1)

In its briefing on the Motion, Shopify argues that the Court should stay this case pending the *Baton* appeal in light of the applicability of the "first-filed" rule, or, failing that, pursuant to the three discretionary factors that our Court typically uses to assess a motion to stay. (D.I. 11 at 5-12) For the following reasons, the Court disagrees that a stay is warranted now.

With regard to the first-filed rule, normally if two cases are so similar as to implicate that rule, then principles of comity and efficient judicial administration suggest that the second-filed case should be stayed in favor of the first (or transferred to the first-filed court). *See E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). But even assuming that the "first-filed" rule applies here,[1] in the Court's view, this is one of those "rare . . . circumstances" where a stay of the second case is not appropriate (at least, not now). *See id.* at 972; *cf. Swetra v. DirecTV, LLC*, Civil No. 15-8761 (RBK/AMD), 2016 WL 4208440, at *6 & n.3 (D.N.J. Aug. 9, 2016) (concluding that even if the first-filed rule applied, the case would be one of those "rare" cases where an exception to the rule was warranted, in part because the first-filed case was currently stayed pending review of an order in an appellate court, and because it would be unfair to the plaintiff to have the second-filed case stayed in favor of a first-filed case that was awaiting a decision from an appellate court).

Here, the procedural circumstances are unusual enough that the intention behind the first-filed rule does not really support a stay, at least at this time. (D.I. 52 (hereafter, "Tr.") at 24-25, 59) The current status quo in the *Baton* litigation is that the case has been dismissed in the Northern District on personal jurisdiction grounds. More than that, the reasons why the *Baton* Court found no personal jurisdiction as to Shopify, Inc. and Shopify USA will not be dispositive in this case. As to Shopify USA, that is because it is a Delaware corporation, and so general personal jurisdiction as to it (as well as to fellow Delaware corporations Shopify Holdings and

---

[1] Plaintiffs argue that the rule does *not* apply; they suggest that this is so because there are too many differences between the claims/parties/facts at issue in *Baton* and those at issue in this matter. (D.I. 13 at 5-6) That issue is not free from doubt. But the Court need not definitively address it now. That is because even if the Court assumes *arguendo* that the rule applies, as is set out further below, the Court still would not conclude that the Motion is well taken at this time.

3

additional Defendant TaskUs, Inc. ("TaskUs")) will be a given here. (D.I. 44 at ¶ 36) And as to Shopify, Inc., here Plaintiffs have stated their view that the key issue regarding personal jurisdiction will be one of general jurisdiction—i.e., an assertion that there is general personal jurisdiction as to Shopify, Inc. either because it is the alter ego of the other two Defendant Shopify entities, or because those other two entities act as its agent. (*Id*. at ¶¶ 38-41; *see also* D.I. 13 at 6 & n.3; Tr. at 41-42, 44) The *Baton* Court did not address an alter ego or agency rationale for personal jurisdiction in deciding that the case should be dismissed. *Baton*, 2021 WL 5226315, at *5 n.1 (noting that the court did not need to address whether the plaintiffs had adequately alleged that jurisdictional contacts may be imputed between Shopify, Inc. and Shopify USA, in light of the nature of the court's decision).

So what this all means is that if the Court stayed this case, and the Ninth Circuit did nothing more than affirm the *Baton* Court's decision as to Shopify, Inc. and Shopify USA on the very grounds that the *Baton* Court relied upon for dismissal, then our Court and the parties here would in no way benefit from the stay. In other words, in that scenario, the Ninth Circuit's decision would have no impact on this case as to Defendants Shopify USA, Shopify Holdings or TaskUs, since there *is* clearly personal jurisdiction as to those Defendants in Delaware. And that decision would have no meaningful impact on this case as to Defendant Shopify, Inc., since here, Plaintiffs would still be arguing that there is general jurisdiction over that Defendant pursuant to alter ego/agency rationales—rationales that the Ninth Circuit would never have addressed.[2]

---

[2]     Shopify argues that even though it was not the basis for the *Baton* Court's decision as to lack of personal jurisdiction, the Ninth Circuit might still address the argument that Shopify, Inc. is the alter ego of Shopify USA; it asserts that in light of this, a stay is warranted so that this Court can get the benefit of the Ninth Circuit's analysis on that alter ego issue, which this Court could then utilize in assessing a later personal jurisdiction challenge in this case. (D.I. 11 at 10; D.I. 16 at 4; Tr. at 8-9) Shopify makes this assertion because in their briefing in the *Baton* appeal, the *Baton* plaintiffs argued that specific jurisdiction as to Shopify, Inc. could lie

Of course, it is possible that there could be other outcomes in the Ninth Circuit. The Ninth Circuit might, for example, overturn the *Baton* Court's decision and send the case back to the Northern District so that it can proceed forward on the merits as to Shopify, Inc. and Shopify USA. But if that occurred, then Shopify could always renew its motion for a stay in this case.[3] Moreover, although it is possible that a reversal *could* happen, it is notable that none of the parties to this Motion—i.e., neither Shopify nor Plaintiffs—believe that the Ninth Circuit *should* reverse the *Baton* Court. In most cases where a party is seeking a stay in this Court, the movant is suggesting that if things play out in the other jurisdiction like it thinks they will, then there will be significant efficiencies gained from staying the case. But here, Shopify obviously believes (as its counsel confirmed during the August 15 argument) that the *Baton* Court's decision was the correct decision, and that it should be affirmed on appeal. (Tr. at 8); *cf. Swetra*, 2016 WL

---

due to the fact that it is the alter ego of Shopify USA. (*See Baton v. Ledger SAS*, Appeal No. 21-17036, D.I. 10 at 44 (9th Cir. Apr. 18, 2022))

As an initial matter, if a stay here is not granted, but the Ninth Circuit did end up addressing this alter ego issue, that does not necessarily mean that the Ninth Circuit's decision would be of no benefit to this Court. It could be that the District Judge who is eventually assigned to this case will not have the ability to address a personal jurisdiction challenge until after the Ninth Circuit issues its opinion. (*See* D.I. 16 at 9 (Shopify indicating that the median time from notice of appeal to decision in the Ninth Circuit is "just 12.9 months") (citation omitted); D.I. 46) But more significantly, in the *Baton* case, Shopify is arguing that the *Baton* plaintiffs have forfeited their alter ego argument regarding Shopify, Inc. on appeal, because the *Baton* plaintiffs did not sufficiently advance that argument at the district court level. (*See Baton v. Ledger SAS*, Appeal No. 21-17036, D.I. 29 at 26-27 (9th Cir. July 18, 2022); Tr. at 13, 19-22, 61) If Shopify is right on this front, then the Ninth Circuit will never take up the merits of the alter ego issue at all.

[3]    It is true that there will be some work that needs to be done in this case between now and the date that the Ninth Circuit issues its ruling. But even if the Ninth Circuit overturns the *Baton* Court's decision, and even if this Court were then confronted with a renewed motion to stay premised on the first-filed rule, the amount of Court and party work that occurs in the interval here will not likely be outsized. That is particularly so because this case is still in its early stages, and because (as Shopify points out) the *Baton* appeal appears to be moving along a relatively speedy track. (D.I. 16 at 9; D.I. 46)

5

4208440, at *5-6 (concluding that a defendant's motion to stay, premised on the application of the first-filed rule, should be denied, in part because in the first-filed case the defendant was taking a position that, if ultimately adopted by the first-filed court, would mean that there was not overlap between the first-filed and second-filed cases). During the August 15 argument, Plaintiffs' counsel confirmed that their analysis is the same. (*See* D.I. 13 at 10-11; Tr. at 43-46) In light of this, how could it make sense to pause the instant case (which was filed back in April 2022) for at least some number of months (if not more), when both sides here are advising the Court that if things go as they *should* in the Ninth Circuit, then a stay here will provide little to no benefit to the Court or the parties? To ask the question is to answer it.[4] *See, e.g., Trevino v. Golden State FC, LLC*, Lead Case No.: 1:18-cv-0120-DAD-BAM, 2019 WL 2710662, at *7 (E.D. Cal. June 28, 2019) (finding that a stay of the case pending resolution of an appeal in the first-filed case would not promote efficiency, where it was, *inter alia*, "unclear whether the decision in the [appeal] will be instructive for resolving [the instant case], since much of the district court's analysis was based on" facts specific to the first-filed case, "which could differ

---

[4] During oral argument, the Court questioned Shopify's counsel about the fact that if the decision in *Baton* is upheld by the Ninth Circuit (and even assuming that the Ninth Circuit's decision read in such a way as to suggest that Shopify, Inc. should also be dismissed on similar personal jurisdiction-type grounds in this case), this case would still have to go forward against three of the four Defendants here. The Court asked why, in light of this, it would not make more sense simply to keep this case moving forward now, instead of staying it? (Tr. at 28-29) To this, Shopify's counsel suggested that: (1) if the Ninth Circuit ruled that the *Baton* plaintiffs had not demonstrated that Shopify, Inc. is the alter ego of Shopify USA and (2) if this Court thereafter adopted a similar analysis and dismissed Shopify, Inc. from this case; then (3) this case as to the other Shopify Defendants will soon be over, because "those two companies really don't have involvement in the claims and allegations [at issue] here." (*Id.* at 29-33) The Court, however, cannot just assume that is so. (*Id.* at 32-33; *see also id.* at 9-11) There is no record support for this assertion—it is simply attorney argument. (*Id.*) And Plaintiffs' counsel disagreed with the assertion during the August 15 argument. (*Id.* at 39-40) Thus, the fact that a Ninth Circuit affirmance would not lead to sure dismissal of this case as to three of four Defendants is also a factor in the Court's decision as to why a stay at this stage does not make sense.

from the facts as alleged in the Consolidated Complaint before this court" and it was likely that the appellate court would issue "its opinion before the undersigned is called on to resolve substantive motions in this case").

      For similar reasons, the Court declines to stay the case in light of the three discretionary stay-related factors. The first of those factors asks whether the stay will simplify the issues for trial. *Astellas US LLC v. Apotex Inc.*, Civil Action No. 18-1675-CFC-CJB (Consolidated), 2021 WL 9031821, at *1 (D. Del. Feb. 19, 2021). And for the reasons set out above, the Court cannot see how (absent a Ninth Circuit reversal, at which point the stay question could easily be revisited) staying this case in favor of the *Baton* appeal would simplify much of anything. The analysis as to the "simplification" factor is so significant here (i.e., in favor of Plaintiffs' position) that its impact alone would require denial of the Motion.

      For these reasons, the Motion is DENIED without prejudice to renew.

Dated: August 26, 2022

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE